1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRIAN KERRY O'KEEFE,

Petitioner,

v.

TIM GARRETT, et al.,

Respondents.

Case No. 3:22-CV-00364-ART-CSD

**Order Dismissing Petition as Untimely**

This court previously directed *pro se* 28 U.S.C. § 2254 habeas corpus petitioner Brian Kerry O'Keefe to show cause and file such proof as he may have that his petition is not untimely. (ECF No. 6.) His response does not demonstrate that his petition was timely filed (ECF Nos. 10, 11), and it is therefore dismissed as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). Here, O'Keefe indicates on the face of his petition that he seeks to challenge his 2005 judgment of conviction for domestic battery. (ECF No. 1-1 at 1-2.) He states that the state appeals court affirmed the denial of his state postconviction habeas corpus petition in 2008. His federal petition is untimely by almost a decade and a half. O'Keefe does not allege any colorable basis to overcome that procedural bar; he asserts vaguely that his attorney abandoned him on direct appeal and claims that he is actually innocent. (ECF No. 10.) He does not allege that he has discovered the kind of new evidence of actual innocence required to overcome an AEDPA statute of limitations bar. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

1  trustworthy eyewitness accounts, or critical physical evidence—that was not

2  presented at trial.") Nor does he address the large amount of time between the

3  affirmance of the denial of his state postconviction petition and his

4  commencement of this action. O'Keefe—an extraordinarily prolific filer in both

5  state and federal court—has failed to demonstrate that this petition is in fact

6  timely or that he is entitled to equitable tolling of the one-year limitations

7  period.[1]

8      Moreover, O'Keefe has not shown that he is in custody on this judgment

9  of conviction; the sentence has fully expired. But a federal district court may

10  only consider a petition by a person in custody pursuant to a state judgment of

11  conviction in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

12  In order to satisfy the custody requirement, the petitioner must be in custody at

13  the time the petition is filed in federal court. *Spencer v. Kemna*, 523 U.S. 1, 7

14  (1998).[2] The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S.

15  488, 490 (1989). In addition, "once the sentence imposed for a conviction has

16  completely expired, the collateral consequences of that conviction are not

17  themselves sufficient to render an individual 'in custody' for the purposes of a

18  habeas attack upon it." *Id.* at 492. A habeas petitioner does not remain "in

19  custody" when his sentence has expired "merely because of the possibility that

20  the prior conviction will be used to enhance the sentences imposed for any

21  subsequent crimes of which he is convicted." *Id.* This court takes judicial notice

22  of the inmate information on the Nevada Department of Corrections website,

---

24  [1] The Nevada appellate courts website reflects that O'Keefe has filed more than 70
25  appeals, state postconviction petitions, and civil rights complaints. *See* nvcourts.gov. He
   has filed several federal habeas corpus petitions, including challenging this same
26  judgment of conviction. *See, e.g.*, 2:11-cv-002109-JCM-VCF; 2:12-cv-001388-MMD-
   CWH; 3:22-cv-00327-LRH-CLB.
27  [2] Notably, this court pointed out to O'Keefe more than eight years ago in case no. 3:14-
   cv-00411-RCJ-WGC that there was no federal habeas jurisdiction over his challenge to
28  the battery and burglary convictions at issue in this case because the sentences had
   fully expired. (3:14-cv-00411, ECF No. 6 at 3, n.2.)

1  which reflects that he has expired his sentence for the judgment of conviction

2  that he now seeks to challenge.[3]

3          Finally, O'Keefe has filed two motions for appointment of counsel. (ECF

4  Nos. 4, 7.) "Indigent state prisoners applying for habeas corpus relief are not

5  entitled to appointed counsel unless the circumstances of a particular case

6  indicate that appointed counsel is necessary to prevent due process violations."

7  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*,

8  431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The court may, however,

9  appoint counsel at any stage of the proceedings "if the interests of justice so

10 require." *See* 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254

11 Cases; *Chaney*, 801 F.2d at 1196. The court determines that appointment of

12 counsel is unwarranted in this case. O'Keefe's motions for appointment of

13 counsel are denied.

14         **IT IS THEREFORE ORDERED** that the Clerk of Court detach and file the

15 petition (ECF Nos. 1-1, 1-2).

16         **IT IS FURTHER ORDERED** that the petition is **DISMISSED** as set forth

17 in this order.

18         **IT IS FURTHER ORDERED** that petitioner's motion for relief from order

19 (ECF No. 9) is **DENIED**.

20         **IT IS FURTHER ORDERED** that petitioner's two motions for appointment

21 of counsel (ECF Nos. 4, 7) are both **DENIED**.

22

23

24

25

26

27

---

28 [3] *See* ofdsearch.doc.nv.gov. O'Keefe's offender ID is 90244. Last visited 11/17/2022.

3

**IT IS FURTHER ORDERED** that petitioner's second application to proceed *in forma pauperis* (ECF No. 8) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied, as jurists of reason would not debate the dismissal of this petition as untimely.

DATED THIS 30th day of November 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE